[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Lawrence Memorial Hospital, filed a Motion for Summary Judgment on the grounds that there is no genuine issue of material fact as to whether the defendant, Kathleen Kurowski, M.D., was the servant, agent and/or employee of Lawrence Memorial at the time of the alleged malpractice.
Based upon the affidavits filed by Lawrence Memorial, it is clear that Kurowski was not so employed by Lawrence Memorial.
The issue is whether there is liability on the basis of apparent authority. This doctrine looks to what the plaintiff thought the doctor's affiliation was to the hospital. Plaintiff argues that a genuine issue of material fact exists as to whether the hospital can be held liable for the negligence of doctors who were the ostensible agents of the hospital. CT Page 930
 "Apparent authority is that semblance of authority which a principal, through his own acts . . . causes or allows third persons to believe his agent possesses . . ."
Beckenstein v. Potter Carrier, Inc., 191 Conn. 120 at 140 (1983).
Courts in other jurisdictions have held that a hospital may be held liable for its staff physician's negligence under the theory of ostensible agency, apparent authority or agency by estoppel. 51 ALR 4th 235.
Courts have concluded that despite the fact that a physician holds independent contractor status with respect to a hospital, he may nevertheless be an agent with respect to the patient.Grewe v. Mt. Clemens Hospital, 404 Mich. 251-252; LeConche v.Elliners, No. CV 88348312, 4 CONN. L. RPTR. 373 (Stengel, J.) (1991).
The concept of ostensible agency and apparent authority involve questions of fact that must be addressed at trial.
The Motion for Summary Judgment is denied because the court finds that there exists a genuine issue of material fact as to the issues of apparent authority and ostensible agency.
D. Michael Hurley, Judge Trial Referee