[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 129)
Before the court is the defendant Manchester Memorial Hospital's Motion for Summary Judgment. The amended complaint alleges the following facts. On or about April 8, 1993, the defendant, Peter Van Dell, M.D., performed a gynecological examination on the plaintiff, Delores Wilverding, during which he discovered a lump in her left breast. Van Dell ordered that a mammogram be performed. After the mammogram was performed, it was interpreted by Thomas D. Olsavsky, M.D., who reported a 4.5 centimeter (cm) rounded density in the plaintiff's left breast at the twelve o'clock position. Olsavsky recommended that an ultrasound be performed to determine whether the density was a cyst or a solid mass.
On or about April 15, 1993, an ultrasound was performed at the defendant Manchester Memorial Hospital (hospital) and it was interpreted by the defendant Arthur Ostrowitz, M.D. Ostrowitz concluded that the density was a 2.5 cm cyst. On that same day, after a needle localization and cyst aspiration were performed, Ostrowitz and Van Dell concluded that there was no malignancy in her breasts. On December 22, 1993, Van Dell performed a follow-up breast examination after which he informed the plaintiff that the cyst appeared to be gone or was much smaller and that a mammogram was unnecessary.
On August 18, 1994, after the plaintiff called Van Dell and complained that her breast was hard to the touch and painful, an ultrasound was performed at the hospital. The ultrasound was interpreted by Ostrowitz, who concluded that there were multiple bilateral breast cysts similar to those discovered during the previous year's examination. Ostrowitz refused the plaintiff's request for a second needle aspiration. On April 19, 1995, after several complaints by the plaintiff and her husband about the pain and appearance of the left breast, a mammogram and a repeat mammogram were performed at the hospital. The physician who reviewed the mammogram informed the plaintiff that he believed she had a tumor in her left breast at the twelve o'clock position which needed further review. Thereafter, the plaintiff underwent an ultrasound which was interpreted as showing a 3 cm lobulated hypoechoic left breast mass suggestive of breast carcinoma. On the following day a needle biopsy was performed, but the surgeon was unable to draw any fluid from the left breast.
On April 24, 1995, the plaintiff was admitted to St. Vincent's Hospital for a lumpectomy on her left breast. Thereafter, the plaintiff was informed that she had a cancerous tumor in the left CT Page 2908 breast measuring 2.5 cm and that she would have to undergo a mastectomy with follow-up chemotherapy and radiation treatment. On June 14, 1995, the plaintiff underwent the mastectomy of her left breast. The surgical pathology reports indicated that the plaintiff had invasive lobular carcinoma and ductal carcinoma with involvement of thirteen lymph nodes.
On January 16, 1998, the plaintiff filed a four-count amended complaint against the following defendants: Arthur Ostrowitz, M.D., Manchester Radiologists, Inc., Manchester Memorial Hospital, Peter Van Dell, M.D., and OB/GYN of Fairfield County, P.C.[1] The plaintiff alleges, inter alia, that the hospital is liable because Ostrowitz was its agent or was held out as such, during the time in which the alleged incidents occurred.
On August 11, 1999, the hospital filed a motion for summary judgment on the ground that an agency relationship did not exist between it and Ostrowitz. The hospital has submitted a memorandum in support of the motion and the plaintiff has filed a memorandum in opposition thereto.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999).
The hospital moves for summary judgment on the ground that neither Ostrowitz nor Dennis O'Neill, M.D.,[2] were its agents, servants, or employees during the period in which the plaintiff claims that Ostrowitz negligently failed to diagnose her breast cancer. The hospital relies upon the deposition of its vice president, Peter Kuzmickas, and Ostrowitz, wherein they both deny that an agency or employment relationship existed between the hospital and Ostrowitz. The hospital also argues that during the CT Page 2909 period in question, Ostrowitz was in private practice and served as the president of the defendant medical group, Manchester Radiologists, Inc. The hospital further argues that the burden of proving an agency relationship is placed on the party asserting its existence, and because the pleadings, affidavits, and other proof establishes that there is no genuine issue of material fact that Ostrowitz is not its agent or employee, the plaintiff has not satisfied that burden.
The plaintiff argues, however, that there is a genuine issue or material fact regarding the existence of an agency relationship. In addition to her claims that an actual agency relationship existed, the plaintiff asserts that there is a genuine issue of material fact regarding whether the hospital may be held liable for Ostrowitz's negligence under the doctrine of apparent authority. Specifically, the plaintiff argues that she requested that the hospital perform the diagnostic imaging procedures which were ordered by her gynecologist. The plaintiff argues that after the requested procedures were performed by Ostrowitz, she received reports with the hospital's heading stating the results. She further argues that nothing on the hospital reports issued to her indicated that Ostrowitz was acting independently of the hospital, or that he was not its agent or employee. The plaintiff argues that at no time did the hospital inform her that Ostrowitz was not authorized to perform medical imaging procedures on its behalf. Moreover, the plaintiff argues that the hospital has presented no evidence demonstrating that it is entitled to judgment as a matter of law.
"Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . . . (Internal quotation marks omitted.) Gateway Co. v. DiNoia, 232 Conn. 223, 239-40,654 A.2d 342 (1995). "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) Hallas v.Boehmke Dobosz, Inc., 239 Conn. 658, 673, 686 A.2d 491 (1997). "A principal is generally liable for the authorized acts of his agent . . . and in certain circumstances, both the agent and the principal may be liable for the acts of the agent." (Citations omitted.) Gateway Co. v. DiNoia, supra, 232 Conn. 240. CT Page 2910
"The existence of an agency relationship is a question of fact. . . . Some of the factors listed by the Second Restatement of Agency in assessing whether such a relationship exists include: whether the alleged principal has the right to direct and control the work of the agent; whether the agent is engaged in a distinct occupation; whether the principal or the agent supplies the instrumentalities, tools, and the place of work; and the method of paying the agent. . . . In addition, [a]n essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal. . . . Finally, the labels used by the parties in referring to their relationship are not determinative; rather, a court must look to the operative terms of their agreement or understanding." (Citations omitted; internal quotation marks omitted.) Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 133-34, 464 A.2d 6 (1983).
"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses." (Internal quotation marks omitted.) Tomlinson v. Board of Education,226 Conn. 704, 734, 629 A.2d 333 (1993). "Apparent authority must be derived not from the acts of the agent but from the acts of his principal. [T]he acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority." (Internal quotation marks omitted.) Hallasv. Boehmke Dobosz, Inc., supra, 239 Conn. 674.
"The doctrine of apparent authority basically holds that one who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or its servants is subject to liability for physical harm caused by the negligence of the independent contractor in supplying the services to the same extent as though the employer were supplying them itself or by its servants . . . . There is no analytical reason not to extend this doctrine to the hospital situation, in fact there are several good policy reasons for doing so." (Citations omitted.)Francisco v. Hartford Gynecological, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513841 (March 1, 1994, Corradino, J.).[3]
CT Page 2911
"[C]ourts in other jurisdictions have held that where a hospital holds out to the public or to its patients that physicians associated with it are its employees, the hospital may be held liable for the negligence of such physicians under the doctrine of ostensible agency, apparent authority or agency by estoppel. . . .
"The court finds that the reasoning of courts in other jurisdictions . . . that a hospital may be liable for its staff physician's negligence under said theories is persuasive."LeConche v. Elliners, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 348312 (July 16, 1991, Stengel, J.) (4 Conn. L. Rptr. 373). "The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all the surrounding circumstances. . . . Only in the clearest of circumstances, where no other conclusion could reasonably be reached, is the trier's determination of fact to be disturbed." (Citation omitted; internal quotation marks omitted.) Edart Truck Rental Corp. v. B.Swirsky Co., 23 Conn. App. 137, 140, 579 A.2d 133 (1990);Koniak v. Sawhney, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 42154 (January 13, 1994,Rush, J.). "Courts have concluded that despite the fact that a physician holds independent contractor status with respect to a hospital, he may nevertheless be an agent with respect to the patient." Custer v. Kurowski, Superior Court, judicial district of New London at New London, Docket No. 543040 (January 29, 1999,Hurley, J.T.R.) (23 Conn. L. Rptr. 695).
In the present case, despite the fact that Ostrowitz may have been an independent contractor at the hospital, during the period in which the plaintiff alleges the negligence occurred, he may nevertheless be an agent with respect to the plaintiff. SeeCuster v. Kurowski, supra, 23 Conn. L. Rptr. 695. The existence of apparent authority is derived from the acts of the principal and not the acts of the agent. See Hallas v. Boehmke Dobosz,Inc., supra, 239 Conn. 674. Specifically, the principal must hold the agent out as possessing sufficient authority or knowingly permit him to act as though he had such authority. See id. Here, the plaintiff has submitted evidence that the hospital: permitted Ostrowitz to maintain an office in its x-ray department (see Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit A); failed to inform the plaintiff that Ostrowitz was acting independently and not with its authority; CT Page 2912 sent the results of the plaintiff's medical procedures, which were performed by Ostrowitz, on its letterhead (see Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Exhibit D); and permitted Ostrowitz to perform services which the plaintiff requested that it perform; (see Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Exhibit B). Moreover, the plaintiff, acting in good faith, could have reasonably believed, under the circumstances, that Ostrowitz had the hospital's authority. See Hallas v. Boehmke Dobosz, Inc.,
supra, 239 Conn. 674.
The existence of apparent authority is a question of fact that must be evaluated by the trier of fact in light of all the surrounding circumstances; see Edart Truck Rental Corp. v. B.Swirsky Co., supra, 23 Conn. App. 140; Accordingly, defendant Manchester Memorial's Motion for Summary Judgment is denied.
SKOLNICK, J.