[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 4670
In this medical malpractice action, claiming essentially that surgery was performed on plaintiff beyond the scope of his consent, the defendant hospital moves for summary judgment on the ground that it had no duty to obtain such consent or to insure that defendant physician, who was not an employee or agent of the hospital, obtained such consent.
Essentially, plaintiffs claim that the plaintiff, Michael Piteau, signed an authorization form of the defendant hospital to have a diagnostic laparoscopic appendectomy. Instead of performing the laparoscopic appendectomy, the defendants left in his infected appendix, changed the procedure to open and major surgery, and unnecessarily removed a portion of his bowels without his knowledge or consent.
In his complaint plaintiff alleges that Dr. Horanieh, the defendant surgeon, was acting as an agent for defendant hospital and that the hospital had a duty pursuant to § 19-13-D3(b)(1)(A) of Department of Health Regulations to require "the responsible position to obtain proper informed consent as prerequisite to any procedure . . . for which it is appropriate".
Defendant claims there is no genuine issue of material fact in that the physician in question was not an agent or employee of the defendant hospital and any duty to obtain informed consent was his alone. Defendant relies on the Supreme Court case of Petriello v. Kalman 215 Conn. 377
(1990) which held in a case involving a similar failure to obtain informed consent case, that the hospital had no duty to the plaintiff regarding her informed consent to a surgical procedure performed by a non-employee physician.
Plaintiff argues that the plaintiff in Petriello made no claim of an agency relationship like that made in the present case and argues that even if defendant surgeon was not an actual employee or agent of defendant hospital, there remains a genuine issue of material fact as to whether the hospital may be held liable for the surgeons negligence under the doctrine of apparent authority.
Apparent authority is "that semblance of authority which a principal, through his own acts or in adventures causes or allows third persons to believe his agent possesses. Tomlinson v. Board of Education 226 Conn. 204,334 (1993). Liability of a principal based on apparent authority is well established in Connecticut but "apparent authority must be derived not from the acts of the agent but from the acts of his principal. [T]he acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or CT Page 4671 knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under the circumstances, that the agent had the necessary authority." (Internal quotation marks omitted.) Hallas v.Boehmke Dobusz, Inc. 239 Conn. 658, 674 (1997).
Plaintiff has submitted an affidavit and several exhibits consisting in part of a consent form prepared by and submitted by the hospital for his signature which are alleged to show that plaintiff reasonably believed he and defendant surgeon were under the complete care of the hospital, citing the clothing worn by staff with hospital insignia, statements on a letter from the hospital director that "we work closely with your doctor in evaluating care", other oral statements lauding the hospital's reputation and implying hospital control of all procedures, as well as the lack of any oral or written statement indicating or advising that the surgeon was not an agent of the hospital.
There is a line of well reasoned Superior Court decisions holding that in similar circumstances, where agency has been alleged, there is a genuine issue of material fact regarding the issue of apparent authority. Leconche et at v. Kenneth Ellmers et al jud. dist. of Hartford CV 88-348312, WL144528, (July 16, 1991 Stengel J.; McClelland v. DayKimball Hospital 2001 Ct. Sup. 2006, (February 2, 2001 Bishop J.);Wilverding v. Ostrowitz. 2000 Ct. Sup. 2906, 26 CLR 632 (February 28, 2000, Skolnick J.). See also Shenefield v. Greenwich Hospital Assoc10 Conn. App. 239 (1987).
There appears to be no requirement that "apparent authority" be specifically pleaded in addition to agency, since the facts supporting the claim were sufficiently set forth.
Since there is a genuine issue of material fact as to whether there was apparent authority from the hospital to the surgeon, as reasonably perceived by the plaintiff, this motion for summary judgment is denied.
Wagner J., TJR